[No. 5886.]
## C. A. FLANDERS v. G. S. LOCKE.

REPLEVIN FOR DRIFT LUMBER.—In an action of replevin for lumber drifted upon the land of another, it is not the duty of the plaintiff to prove that the defendant did not suffer any damage. It is enough for him to show that the lumber is his, that it is in the possession of defendant, and that the latter has refused to deliver it on demand.

SAME—APPRAISERS OF DAMAGE.—Sec. 2390 of the Political Code, which authorizes either of disagreeing parties as to damages for drifted lumber to select "two disinterested citizens of the county, who may hear proofs and determine" the damages, does not impose any duty on either party, because it does not propose an intelligible mode of selecting appraisers.

APPEAL from the District Court of the Fifth Judicial District, San Joaquin County.

The action was replevin for lumber lodged upon the land of the defendant, and the facts are analogous to those in *Flanders v. D. J. Locke*, (*ante*, p. 20) except that the defendant claimed damages in the sum of one hundred dollars, and the plaintiff requested that appraisers be appointed ; when the defendant replied, " No ; I have set the damage myself, and I will not let the lumber go until I get it."

A nonsuit was granted, and the plaintiff appealed.

*Terry, McKinne & Terry*, for Appellant.

*Byers & Elliott*, for Respondent.

By the COURT:

It was not the duty of the plaintiff to prove, as part of his case, that defendant did *not* suffer any damage. It was enough for him to show that the lumber was his, and in the possession of defendant, and that the latter refused to deliver it on demand.

If the defendant had any lien on the property by reason of damages sustained, it was for him to prove the damages.

The *claim* of the defendant that he was damaged in the sum of $100 did not impose on plaintiff any duty with respect to the selection of appraisers, and this because no intelligible mode is provided by statute for the selection of appraisers.

Section 2390 of the Political Code reads as follows :

" Whenever any lumber drifts upon any island in any of the waters of this State, or upon the bank of any such waters, the owner of the lumber may remove it upon the payment or tendering to the owner or occupant of the land the amount of the damages which he has sustained by reason thereof, and which may accrue in its removal ; and if the parties cannot agree as to the amount of such damages, either party may have the same appraised by two disinterested citizens of the county, who may hear proofs and determine the same, at the expense of the owner of the lumber."

This section apparently attempts to give the party first moving the power to select his *own* judges for the determination of the

controversy between himself and his less diligent opponent, and seems to make their judgment as to the amount of damages sustained conclusive upon him who has no voice in their appointment.

It is true it is provided that the citizens selected shall be " disinterested," but inasmuch as the most active of the parties is given the exclusive privilege of determining their disinterested character, this proviso hardly affords an efficient protection to him who has not been consulted in the selection of the arbitrators.

Judgment and order reversed, and cause remanded for a new trial.